UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROCKWALL RMKP D/B/A HAMPTON INN DALLAS, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 3:16-cv-719 |
| THE TRAVELERS LLOYDS INSURANCE COMPANY AND LEE FENIMORE, | § § § § | |
| Defendants. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant The Travelers Lloyds Insurance Company ("Travelers") files its Notice of Removal of this action from the 382nd Judicial District Court of Rockwall County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Defendant shows this Court as follows:

1. On February 11, 2016, Plaintiff Rockwall RMKP d/b/a Hampton Inn Dallas ("Plaintiff") commenced an action in the 382nd Judicial District Court of Rockwall County, Texas, styled *Rockwall RMKP d/b/a Hampton Inn Dallas v. The Travelers Lloyds Insurance Company and Lee Fenimore*, where it was assigned Cause No. 1-16-0135.

2. On February 16, 2016, Travelers was served with a citation. Removal is timely because thirty (30) days have not elapsed since any Defendant was served with a summons or citation. 28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the summons or citation is

served even if the complaint is received at a prior date).

3.      Defendant is, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal to the clerk of the 382nd Judicial District Court of Rockwall County, Texas, and will serve a copy of the Notice of Removal on Plaintiff.

4.      In accordance with Local Rule 81.1, attached collectively as Exhibit "A" are all materials filed in the state court.  Defendant has also filed contemporaneously with this Notice a civil cover sheet, a supplemental civil cover sheet, and a separately signed certificate of interested persons and disclosure statement that complies with Local Rule 3.1(c) and Rule 7.1 of the Federal Rules of Civil Procedure.

## GROUND FOR REMOVAL:  DIVERSITY

5.      This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.

### (a)    The amount in controversy exceeds the federal minimum jurisdictional requirements.

6.      Plaintiff is "seeking monetary relief over $200,000 but not more than $1,000,000." *See* Ex. A-2 at ¶ 74.  Accordingly, the amount in controversy meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

### (b)    Complete diversity between Plaintiff and Defendant exists.

7.      The citizenship of a limited partnership is determined by the citizenship of all its partners.  *Carden v. Arkoma Associates* 110 S. Ct. 1015, 1021.  Plaintiff's general partner is Rockwall RMKP Management, LLC, a Texas limited liability company.  The citizenship of a limited liability company is determined by the citizenship of its members.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  On information and belief, Plaintiff's limited

partners and the members of Rockwall RMKP Management, LLC are individual resident citizens of Texas. Accordingly, Plaintiff is a citizen of Texas.

8. Defendant is a Lloyd's plan insurance association and is an unincorporated association. For purposes of diversity jurisdiction, the citizenship of a Lloyd's plan insurance association is determined by the citizenship of its underwriters. *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993); *see also State Farm Lloyds v. Peed*, No. CIV.A. 3:00CV1696-BC, 2001 WL 513427 (N.D. Tex. May 9, 2001) ("For purposes of diversity jurisdiction, a Lloyds Plan insurer is considered an 'unincorporated association' whose citizenship is determined solely by the citizenship of its underwriters.").

9. The following individuals are the underwriters of Travelers and each of them resides in and is a citizen of the State of Connecticut:

    a. John J. Albano
    b. James W. Chapman
    c. Charles J. Clarke
    d. Brian J. Hoffman
    e. Ronald E. Izumi
    f. Bruce R. Jones
    g. James J. Kelly
    h. James B. McGinn
    i. Bernard A. Pelletier
    j. Richard D. Schug
    k. Richard A. Waskiewicz
    l. David E. Woodworth

10. No underwriter of Travelers Lloyds resides in or is a citizen of the State of Texas.

11. Because the amount in controversy exceeds $75,000 and Plaintiff is a citizen of Texas while Defendant is not, this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332. Removal is therefore proper.

WHEREFORE, Defendant prays that the above-described action now pending in the 382nd Judicial District Court of Rockwall County, Texas be removed to this Court.

Respectfully submitted,

 */s/ Wm. Lance Lewis*
WM. LANCE LEWIS
State Bar No. 12314560
ALISSA PUCKETT
State Bar No. 24056886
**QUILLING, SELANDER, LOWNDS,
  WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
apuckett@qslwm.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of this instrument has been furnished to counsel of record as provided below, via ECF, in accordance with the Federal Rules of Civil Procedure, this 14th day of March, 2016:

| | |
|---|---|
| David P. Wilson | Chad T. Wilson |
| Provost Umphrey Law Firm LLP | Kimberly N. Blum |
| 490 Park Street, Suite 100 | Chad T. Wilson Law Firm PLLC |
| Beaumont, Texas 77701 | 1322 Space Park Drive, Suite A155 |
| | Houston, Texas 77058 |

 */s/ Wm. Lance Lewis*
Wm. Lance Lewis / Alissa Puckett