# EXHIBIT A

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **ROCKWALL RMKP D/B/A HAMPTON INN DALLAS,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **THE TRAVELERS LLOYDS INSURANCE COMPANY AND LEE FENIMORE,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## INDEX OF STATE COURT MATERIALS

| No. | Date Filed or Entered | Document |
|---|---|---|
| A-1 | N/A | Civil Docket Sheet |
| A-2 | 02/11/2016 | Plaintiff's Original Petition, Jury Demand, and Request for Disclosure |
| A-3 | 02/11/2016 | Civil Case Information Sheet |
| A-4 | 02/11/2016 | Citation on The Travelers Lloyds Insurance Company |
| A-5 | 02/11/2016 | Citation on Lee Fenimore |
| A-6 | 02/18/2016 | Return of Service of Citation on Lee Fenimore |
| A-7 | 03/04/2016 | Defendants The Travelers Lloyds Insurance Company and Lee Fenimore's Original Answer |
| A-8 | 02/26/2016 | Letter request for copy of Plaintiff's Original Petition |
| A-9 | 03/11/2016 | Letter request for copy of complete court record |

# EXHIBIT A-1




Select another
search type

Refine this
search

### In the 382nd District Court
### Rockwall County, Texas
**Cause No. 1-16-0135**

**ROCKWALL RMKP LB D/B/A HAMPTON INN
DALLAS V THE TRAVELERS LLOYDS
INSURANCE COMPANY AND LEE
FENIMORE**

Filed on 02/11/2016
Case Type: BREACH OF CONTRACT
Current Status: Filed

## Defendants

The Travelers Lloyds Insurance
Company
THROUGH ITS REGISTERED
AGENT FOR SERVICE
CORPORATION SERVICE
COMPANY 211 EAST 7TH
STREET, SUITE 620
AUSTIN, TEXAS 78701-3218

Fenimore, Lee
1301 EAST COLLINS
BOULEVARD, SUITE 290
RICHARDSON, TEXAS 75081-
2494

## Defendant Attorneys

Lewis, Wm. Lance
2001 BRYAN STREET, SUITE
1800
DALLAS, TEXAS 75201

## Plaintiffs

Rockwall Rmkp Lb

## Plaintiff Attorneys

Wilson, David P
490 PARL STREET, STE 100
BEAUMONT, TEXAS 77701

## Events and Orders of the Court

03/11/2016          REQUEST

| | |
|---|---|
| 03/04/2016 | ANSWER |
| 02/26/2016 | REQUEST |
| 02/18/2016 | CONSTABLE RETURN |
| 02/11/2016 | Jury Trial Requested |
| 02/11/2016 | CIT/COPY CERT.MAIL |
| 02/11/2016 | CIT/COPY CERT.MAIL |
| 02/11/2016 | CIVIL CASE INFORMATION SHEET |
| 02/11/2016 | Plaintiff's Original Petition |
| 02/11/2016 | $FILE |

Copyright © 2000 The Software Group. All rights reserved.

# EXHIBIT A-2

1-16-0135

Filed: 2/11/2016 9:15:15 AM
Kay McDaniel
District Clerk
Rockwall County, Texas
Barbara Timberlake

CAUSE NO. _____ 1-16-0135 _____

| | | |
|---|---|---|
| ROCKWALL RMKP LB D/B/A HAMPTON INN DALLAS, | § § § | IN THE JUDICIAL COURT OF |
| PLAINTIFF, | § § | |
| V. | § § | ROCKWALL COUNTY, TEXAS |
| THE TRAVELERS LLOYDS INSURANCE COMPANY AND LEE FENIMORE, | § § § § | |
| DEFENDANTS. | § § § | 382nd _____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Rockwall Rmkp LB d/b/a Hampton Inn Dallas, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of The Travelers Lloyds Insurance Company ("Travelers") and Lee Fenimore ("Fenimore") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.     Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.     Plaintiff, Rockwall Rmkp LB d/b/a Hampton Inn Dallas-Rockwall, owns the Property in Rockwall County, Texas that forms the basis of this lawsuit.

3.     Defendant, The Travelers Lloyds Insurance Company, is a Texas insurance company engaged in the business of insurance in the State of Texas.  Plaintiff requests service of citation upon The Travelers Lloyds Insurance Company through its registered agent for

service: **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.** Plaintiff requests service at this time.

4.      Defendant Lee Fenimore is an individual resident of Richardson, Texas.  Fenimore may be served with citation at the address listed with the Texas Department of Insurance: **1301 East Collins Boulevard, Suite 290, Richardson, Texas 75081-2494.** Plaintiff requests service at this time.

## JURISDICTION

5.      The Court has jurisdiction over Travelers because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Travelers's business activities in the State of Texas, including those in Rockwall County, Texas, with reference to this specific case.

6.      The Court has jurisdiction over Fenimore because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Rockwall County, Texas, with reference to this specific case.

## VENUE

7.      Venue is proper in Rockwall County, Texas because the insured property is located in Rockwall County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Rockwall County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.      Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9.    Plaintiff owned a Travelers Lloyds Insurance Company insurance policy, number IL660-8B653659 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 1549 Laguna Drive, Rockwall, Texas 75087-6511 ("the Property").

10.   Travelers or its agent sold the Policy, insuring the Property, to Plaintiff. Travelers or its agent represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's Property. Travelers has refused the full extent of that coverage currently owed to Plaintiff.

11.   On or about 8/17/2012, the Property sustained extensive damage resulting from a severe storm that passed through the Rockwall, Texas area.

12.   In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to Travelers against the Policy for damage to the Property. Travelers assigned claim number E0M0549 to Plaintiff's claim.

13.   Plaintiff asked Travelers to cover the cost of damage to the Property pursuant to the Policy.

14.   Damaged areas of the property include, but are not limited to the roof, flashing, and HVAC system.

15.   Travelers assigned or hired Fenimore to adjust the claim.

16.   Travelers, through its agents, namely Fenimore, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

17.   The initial adjustment of the claim occurred on or around April of 2014. Fenimore allegedly found damages below Plaintiff's deductible.

18.   Afterwards, Plaintiff retained the services of a public adjuster, and Travelers reopened

3

Plaintiff's claim.

19.     Travelers conducted a re-inspection of Plaintiff's Property on or around June 12, 2015.

20.     In correspondence dated August 6, 2015, Travelers acknowledged that it found "over 10 possible hail impacts on each of the 3 test squares that were completed over the roof's span."

21.     Despite acknowledging damage, Travelers denied payment to Plaintiff, purporting that damage to the roof occurred outside of the policy period.

22.     To the contrary, Plaintiff maintains damage to the roof occurred within the policy period.

23.     To date, Plaintiff has received $0.00 for damage to Plaintiff's Property. The damage to Plaintiff's Property is currently estimated at $272,368.74.

24.     Since due demand was made on November 18, 2015, Travelers has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

25.     As stated above, Defendants failed to assess the claim thoroughly. Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Travelers failed to provide full coverage due under the Policy.

26.     As a result of Travelers's failure to provide full coverage, along with Travelers's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

27.     Travelers failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Travelers refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all

conditions precedent to recover upon the Policy were accomplished by Plaintiff.

28.     Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Travelers and Plaintiff.

29.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendants have not attempted to settle Plaintiff's claim in a fair manner, even though Defendants were aware of their liability to Plaintiff under the Policy. Specifically, Defendants have failed to timely pay Plaintiff's coverage due under the Policy.

30.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendants failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

31.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendants refused to provide full coverage due to Plaintiff under the terms of the Policy. Specifically, Travelers, through its agents, servants, and representatives, namely Fenimore, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

32.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendants failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary

5

information.

33. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendants have delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for the claim.

34. Defendants' wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firms representing it with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT THE TRAVELERS LLOYDS INSURANCE COMPANY

### BREACH OF CONTRACT

35. Travelers is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Travelers and Plaintiff.

36. Travelers's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

37. Travelers's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

6

38.     Travelers's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

39.     Travelers's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

40.     Travelers's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

41.     Travelers's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

42.     Travelers's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

43.     Travelers's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

44. Travelers's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

45. Travelers's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

46. Travelers's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

47. Travelers's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Travelers knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

48. Travelers's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Travelers pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Travelers. Specifically, Travelers's violations of the DTPA include, without limitation, the following matters:

A. By its acts, omissions, failures, and conduct, Travelers has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Travelers's violations include without limitation, (1) unreasonable delays in the investigation, adjustment,

8

and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.   Travelers represented to Plaintiff that the Policy and Travelers's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.   Travelers also represented to Plaintiff that the Policy and Travelers's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Furthermore, Travelers advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.   Travelers breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.   Travelers's actions are unconscionable in that Travelers took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Travelers's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.   Travelers's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

49.   Each of the above-described acts, omissions, and failures of Travelers is a producing cause of Plaintiff's damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

50.   Travelers is liable to Plaintiff for common law fraud.

51.   Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and Travelers knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

52.   Travelers made the statements intending that Plaintiff act upon them. Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT LEE FENIMORE

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

53.   Fenimore's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

54.   Fenimore is individually liable for this Defendant's unfair and deceptive acts, irrespective of the fact that this Defendant was acting on behalf of Travelers, because Fenimore is a "person," as defined by TEX. INS. CODE §541.002(2).

55.     Fenimore knowingly underestimated the amount of damage to the Property.  As such, Fenimore failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.  TEX. INS. CODE §542.003(3).

56.     Furthermore, Fenimore did not attempt in good faith to effect a fair, prompt, and equitable settlement of the claim.  TEX. INS. CODE §542.003(4).

57.     Fenimore's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

58.     Fenimore's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

59.     Fenimore's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Fenimore pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against Fenimore.  Specifically, Fenimore's violations of the DTPA include the following matters:

A.      By this Defendant's acts, omissions, failures, and conduct, Fenimore has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  Fenimore's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an

estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.     Fenimore represented to Plaintiff that the Policy and this Defendant's adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.     Fenimore represented to Plaintiff that the Policy and this Defendant's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.     Fenimore's actions are unconscionable in that Fenimore took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Fenimore's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.     Fenimore's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

60.    Each of Fenimore's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by Fenimore, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## KNOWLEDGE

61.   Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

62.   Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

63.   Since the claim was made, Travelers has not properly compensated Plaintiff for all necessary repairs, which are covered under the Policy. This has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

64.   Defendants made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendants made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations. Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiff suffered damages as a result.

65.   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation,

costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

66.    For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

67.    The damage on Plaintiff's Property is estimated at $272,368.74.

68.    For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

69.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

70.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Travelers owed, and exemplary damages.

71.    Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens

against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

72.   For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

73.   For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

74.   As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $200,000.00, but no more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

75.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

76.     Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Rockwall County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, The Travelers Lloyds Insurance Company and Lee Fenimore, be cited and served to appear, and that upon trial hereof, Plaintiff, Rockwall Rmkp LB d/b/a Hampton Inn Dallas, has and recovers from Defendants, The Travelers Lloyds Insurance Company and Lee Fenimore, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, Rockwall Rmkp LB d/b/a Hampton Inn Dallas-Rockwall, may be justly entitled.

Respectfully submitted,

PROVOST UMPHREY LAW FIRM LLP

By: /s/ *David P. Wilson*

David P. Wilson
Bar No. 21672700
DWilson@pulf.com
490 Park Street, Suite 100
Beaumont, Texas 77701
Telephone: (409) 835-6000
Facsimile: (409) 838-8888

CHAD T WILSON LAW FIRM PLLC

Chad T. Wilson
Bar No. 24079587
CWilson@cwilsonlaw.com
Kimberly N. Blum
Bar No. 24092148
KBlum@cwilsonlaw.com
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137

ATTORNEYS FOR PLAINTIFF

17

# EXHIBIT A-3

# CIVIL CASE INFORMATION SHEET

| CAUSE NUMBER (FOR CLERK USE ONLY): | | COURT (FOR CLERK USE ONLY): |
|---|---|---|

STYLED _ROCKWALL RMKP LB D/B/A HAMPTON INN DALLAS VS. THE TRAVELERS LLOYDS INSURANCE COMPANY AND LEE FENIMORE_

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing case information sheet is: |
|---|---|---|---|
| Name:<br>DAVID P. WILSON | Email:<br>dwilson@pulf.com | Plaintiff(s)/Petitioner(s):<br>**ROCKWALL RMKP LB D/B/A HAMPSON INN DALLAS**<br><br>Defendant(s)/Respondent(s):<br>**THE TRAVELERS LLOYDS INSURANCE COMPANY AND LEE FENIMORE** | ☒Attorney for Plaintiff/Petitioner<br>☐_Pro Se_ Plaintiff/Petitioner<br>☐Title IV-D Agency<br>☐Other: _____ |
| Address:<br>PO BOX 4905 | Telephone:<br>409-835-6000 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br>BEAUMONT, TX 77704 | Fax:<br>409-813-8633 – DIRECT | [Attach additional page as necessary to list all parties] | Custodial Parent:<br>_____ |
| Signature: | State Bar No:<br>21672700 | | Non-Custodial Parent:<br>_____<br><br>Presumed Father:<br>_____ |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| _Debt/Contract_<br>☒Consumer/DTPA<br>☐Debt/Contract<br>☐Fraud/Misrepresentation<br>☐Other Debt/Contract:<br><br>_Foreclosure_<br>☐Home Equity—Expedited<br>☐Other Foreclosure<br>☐Franchise<br>☐Insurance<br>☐Landlord/Tenant<br>☐Non-Competition<br>☐Partnership<br>☐Other Contract: | ☐Assault/Battery<br>☐Construction<br>☐Defamation<br>_Malpractice_<br>　☐Accounting<br>　☐Legal<br>　☐Medical<br>　☐Other Professional<br>　　Liability:<br><br>☐Motor Vehicle Accident<br>☐Premises<br>_Product Liability_<br>　☐Asbestos/Silica<br>　☐Other Product Liability<br>　　List Product:<br><br>☐Other Injury or Damage: | ☐Eminent Domain/<br>　Condemnation<br>☐Partition<br>☐Quiet Title<br>☐Trespass to Try Title<br>☐Other Property:<br><br>**Related to Criminal Matters**<br>☐Expunction<br>☐Judgment Nisi<br>☐Non-Disclosure<br>☐Seizure/Forfeiture<br>☐Writ of Habeas Corpus—<br>　Pre-indictment<br>☐Other: | ☐Annulment<br>☐Declare Marriage Void<br>_Divorce_<br>　☐With Children<br>　☐No Children<br><br><br>**Other Family Law**<br>☐Enforce Foreign<br>　Judgment<br>☐Habeas Corpus<br>☐Name Change<br>☐Protective Order<br>☐Removal of Disabilities<br>　of Minority<br>☐Other: | ☐Enforcement<br>☐Modification—Custody<br>☐Modification—Other<br><br>**Title IV-D**<br>☐Enforcement/Modification<br>☐Paternity<br>☐Reciprocals (UIFSA)<br>☐Support Order<br><br>**Parent-Child Relationship**<br>☐Adoption/Adoption with<br>　Termination<br>☐Child Protection<br>☐Child Support<br>☐Custody or Visitation<br>☐Gestational Parenting<br>☐Grandparent Access<br>☐Parentage/Paternity<br>☐Termination of Parental<br>　Rights<br>☐Other Parent-Child: |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☐Discrimination<br>☐Retaliation<br>☐Termination<br>☐Workers' Compensation<br>☐Other Employment: | ☐Administrative Appeal<br>☐Antitrust/Unfair<br>　Competition<br>☐Code Violations<br>☐Foreign Judgment<br>☐Intellectual Property | ☐Lawyer Discipline<br>☐Perpetuate Testimony<br>☐Securities/Stock<br>☐Tortious Interference<br>☐Other: |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐Tax Appraisal<br>☐Tax Delinquency<br>☐Other Tax | _Probate/Wills/Intestate Administration_<br>☐Dependent Administration<br>☐Independent Administration<br>☐Other Estate Proceedings | ☐Guardianship—Adult<br>☐Guardianship—Minor<br>☐Mental Health<br>☐Other: |

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court<br>☐Arbitration-related<br>☐Attachment<br>☐Bill of Review<br>☐Certiorari<br>☐Class Action | ☐Declaratory Judgment<br>☐Garnishment<br>☐Interpleader<br>☐License<br>☐Mandamus<br>☐Post-judgment | ☐Prejudgment Remedy<br>☐Protective Order<br>☐Receiver<br>☐Sequestration<br>☐Temporary Restraining Order/Injunction<br>☐Turnover |

## 4. Indicate damages sought (do not select if it is a family law case):

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100,000 but not more than $200,000
☒Over $200,000 but not more than $1,000,000
☐Over $1,000,000

# EXHIBIT A-4

# CITATION BY MAILING

# THE STATE OF TEXAS

# IN THE 382nd District Court
# OF
# ROCKWALL COUNTY, TEXAS

### Cause No. 1-16-0135

**NOTICE TO DEFENDANT: "YOU HAVE BEEN SUED".** You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday following the expiration of twenty days after you were served this citation and petition, and default judgment may be taken against you.

TO: THE TRAVELERS LLOYDS INSURANCE COMPANY served with process by certified mail, THROUGH ITS REGISTERED AGENT FOR SERVICE CORPORATION SERVICE COMPANY 211 EAST 7TH STREET, SUITE 620, AUSTIN, TEXAS 78701-3218, hereinafter styled and numbered cause: 1-16-0135

You are hereby commanded to appear before the 382nd District Court of Rockwall County, Texas in the Rockwall County Courthouse, 1111 E. Yellowjacket Lane, Suite 200 in Rockwall, Texas by filing a written answer to Plaintiff's ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISLOSURE at or before 10:00 A.M of the Monday after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number styled ROCKWALL RMKP LB D/B/A HAMPTON INN DALLAS V THE TRAVELERS LLOYDS INSURANCE COMPANY AND LEE FENIMORE.

Said Petition was filed in 382nd District Court on FEBRUARY 11, 2016, by David P. Wilson, Attorney for the Plaintiff, whose address is 490 PARL STREET, STE 100 , BEAUMONT, TEXAS 77701

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office this 11th day of February, 2016.

Kay McDaniel
District Clerk
Rockwall County, Texas

By:_____, Deputy
       BARBARA TIMBERLAKE

**File copy**

## OFFICER'S RETURN

CAME to hand on the ___ day of _____, 20___, and executed by mailing the Respondent certified mail, return receipt requested with restricted delivery a true copy of this citation together with an attached copy of Plaintiff's Original Petition to the following address:

_____        _____

Respondent                                      address

Service upon the Respondent is evidenced by the return receipt hereto attached and signed by _____and dated: _____. This Citation was not executed for the following reason:

_____. TO CERTIFY WHICH WITNESS MY
HAND OFFICIALLY :_____(Clerk, Sheriff or Constable)

Fee for Serving Citation: $ _____

By: _____,Deputy

# EXHIBIT A-5

# CITATION BY MAILING

# THE STATE OF TEXAS

# IN THE 382nd District Court
# OF
# ROCKWALL COUNTY, TEXAS

### Cause No. 1-16-0135

**NOTICE TO DEFENDANT: "YOU HAVE BEEN SUED".** You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday following the expiration of twenty days after you were served this citation and petition, and default judgment may be taken against you.

TO:   LEE FENIMORE served with process by certified mail, 1301 EAST COLLINS BOULEVARD, SUITE 290 , RICHARDSON, TEXAS 75081-2494, hereinafter styled and numbered cause: 1-16-0135

You are hereby commanded to appear before the 382nd District Court of Rockwall County, Texas in the Rockwall County Courthouse, 1111 E. Yellowjacket Lane, Suite 200 in Rockwall, Texas by filing a written answer to Plaintiff's ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISLOSURE at or before 10:00 A.M of the Monday after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number styled ROCKWALL RMKP LB D/B/A HAMPTON INN DALLAS V THE TRAVELERS LLOYDS INSURANCE COMPANY AND LEE FENIMORE.

Said Petition was filed in 382nd District Court on FEBRUARY 11, 2016, by David P. Wilson, Attorney for the Plaintiff, whose address is 490 PARL STREET, STE 100 , BEAUMONT, TEXAS 77701

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office this 11th day of February, 2016.

Kay McDaniel
District Clerk
Rockwall County, Texas

By:_____, Deputy
        BARBARA TIMBERLAKE

**File copy**

## OFFICER'S RETURN

CAME to hand on the ___ day of _____, 20___, and executed by mailing the Respondent certified mail, return receipt requested with restricted delivery a true copy of this citation together with an attached copy of Plaintiff's Original Petition to the following address:

_____      _____

Respondent                                                  address

Service upon the Respondent is evidenced by the return receipt hereto attached and signed by _____and dated: _____. This Citation was not executed  for the following reason:

_____

_____ ___. TO CERTIFY WHICH WITNESS MY

HAND OFFICIALLY :_____(Clerk, Sheriff or Constable)

Fee for Serving Citation: $ _____

By: _____ _____,Deputy

# EXHIBIT A-6

# CITATION BY MAILING

FILED FOR RECORD
KAY McDANIEL DISTRICT CLERK
ROCKWALL COUNTY, TEXAS

FEB 1 8 2016

AM                                    PM
7 1 8 1 9 1 10 1 11 1 12 1 1 1 2 1 3 1 4 1 5 1 6

# THE STATE OF TEXAS

# IN THE 382nd District Court
# OF
# ROCKWALL COUNTY, TEXAS

### Cause No. 1-16-0135

**NOTICE TO DEFENDANT: "YOU HAVE BEEN SUED".**  You may employ an attorney. I f you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday following the expiration of twenty days after you were served this citation and petition, and default judgment may be taken against you.

TO:  LEE FENIMORE, served with process by certified mail,  1301 EAST COLLINS BOULEVARD, SUITE 290 , RICHARDSON, TEXAS 75081-2494, hereinafter styled and numbered cause: 1-16-0135

You are hereby commanded to appear before the 382nd District Court of Rockwall County, Texas in the Rockwall County Courthouse, 1111 E. Yellowjacket Lane, Suite 200 in Rockwall, Texas by filing a written answer to Plaintiff's ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISLOSURE at or before 10:00 A.M of the Monday after the expiration of 20 days after the date of service hereof, a copy of which accompanies this citation, in cause number styled ROCKWALL RMKP LB D/B/A HAMPTON INN DALLAS V THE TRAVELERS LLOYDS INSURANCE COMPANY AND LEE FENIMORE.

Said Petition was filed in 382nd District Court on FEBRUARY 11, 2016, by David P. Wilson, Attorney for the Plaintiff, whose address is 490 PARL STREET, STE 100 , BEAUMONT, TEXAS 77701.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office this 11th day of February, 2016.

Kay McDaniel
District Clerk
Rockwall County, Texas

By:_____, Deputy
       BARBARA TIMBERLAKE

## COURT RETURN

**OFFICER'S RETURN**

CAME to hand on the _11_ day of _Feb_____, 20_16_and executed by mailing the Respondent certified mail, return receipt requested with restricted delivery a true copy of this citation together with an attached copy of Plaintiff's Original Petition to the following address:

_Jeff Fenimore_____       address  _1301 East Collins Blvd # 290_
Respondent                               _Richardson, TX 75081_

Service upon the Respondent is evidenced by the return receipt hereto attached and signed by _Cant read sign_____ and dated: _no date_____. This Citation was not executed for the following reason:

_____. TO CERTIFY WHICH WITNESS MY
HAND OFFICIALLY :_____(Clerk, Sheriff or Constable)

Fee for Serving Citation: $ _____

By: _____,Deputy

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

_1-16-0135_

Sent To _Jeff Fenimore_
Street & Apt. No., or PO Box No.
City, State, ZIP+4

7014 1820 0001 4533 7547

FS Form 3800, July 2014          See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bill Oderniamore
1301 East Collins Blvd. #290
Richardson, TX 75081-2494
1-16-0135
BT

2. Article Number (Transfer from service label)
7014 1820 0001 4533 7547

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _(signature)_
☐ Agent
☐ Addressee

B. Received by (Printed Name)
C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

United States
Postal Service

FILED FOR RECORD
ROCKWALL CO., TEXAS

2016 FEB 18 PM 1:40

KAY MCDANIEL
DISTRICT CLERK

BY_____

DEPUTY

USPS TRACKING #

9401 0164 5234 6015 86

• Sender: Please print your name, address, and ZIP+4® in this box•

**KAY McDANIEL**
**DISTRICT CLERK**
**1111 E. YELLOWJACKET LN.**
**SUITE 200**
**ROCKWALL, TX 75087**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

# EXHIBIT A-7

Kay McDaniel,
District Clerk
Rockwall County, Texas

Karen Petty

CAUSE NO. 1-16-0135

| | | |
|---|---|---|
| ROCKWALL RMKP D/B/A HAMPTON INN DALLAS, | § § § | IN THE JUDICIAL COURT OF |
| Plaintiff, | § § | |
| v. | § § | ROCKWALL COUNTY, TEXAS |
| THE TRAVELERS LLOYDS INSURANCE COMPANY AND LEE FENIMORE, | § § § | |
| Defendants. | § § | 382ND DISTRICT COURT |

### DEFENDANTS THE TRAVELERS LLOYDS INSURANCE COMPANY AND LEE FENIMORE'S ORIGINAL ANSWER

In response to Plaintiff's Original Petition (the "Petition"), Defendants The Travelers Lloyds Insurance Company ("Travelers") and Lee Fenimore (collectively, "Defendants"), file their Original Answer thereto.

### I.
### GENERAL DENIAL

Defendants deny all and singular the allegations contained in the Petition and demand strict proof thereof.

### II.
### ADDITIONAL DEFENSES

1.    Defendants deny that all conditions precedent to Plaintiffs' claims for recovery have occurred or been met, and they have not been waived.

2.    Coverage is precluded to the extent that the loss occurred outside the policy period.

3. Coverage is precluded to the extent Plaintiffs seek reimbursement for the replacement cost value of property which has not been repaired or replaced and/or is not covered under the Policy.

4. Plaintiff has failed to mitigate its damages.

5. Plaintiff's claims are subject to the deductible of the insurance policy at issue as well as the limits therein.

6. All or a portion of Plaintiff's claims were caused by the negligence and/or comparative responsibility of Plaintiff, persons acting on Plaintiff's behalf and/or under Plaintiff's direction or control, and/or third parties over which Defendants had no control.

7. Travelers reserves the right to invoke appraisal.

8. Defendants are entitled to a credit or offset for all amounts previously paid by any other insurer, if any, including Travelers.

WHEREFORE, PREMISES CONSIDERED, Defendants The Travelers Casualty Lloyds Insurance Company and Lee Fenimore pray that Plaintiff takes nothing by this suit, and that Defendants go hence and recover costs on their behalf expended.

Respectfully submitted,

*/s/ Wm. Lance Lewis*
WM. LANCE LEWIS
Texas Bar No. 12314560
ALISSA PUCKETT
Texas Bar No. 24056886
**QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
apuckett@qslwm.com

**ATTORNEYS FOR DEFENDANTS THE
TRAVELERS LLOYDS INSURANCE
COMPANY AND LEE FENIMORE**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing pleading has been furnished to Plaintiff's counsel of record, via electronic service, in accordance with the Texas Rules of Civil Procedure, this 4th day of March 2016 at the address indicated below:

David P. Wilson                     Chad T. Wilson
Provost Umphrey Law Firm, LLP       Chad T. Wilson Law Firm PLLC
490 Park Street, Suite 100          1322 Space Park Drive, Suite A155
Beaumont, Texas 77701               Houston, Texas 77058
dwilson@pulf.com                    cwilson@cwilsonlaw.com

*/s/ Wm. Lance Lewis*
Wm. Lance Lewis /Alissa Puckett

# EXHIBIT A-8



901 MAIN STREET, SUITE 4000
DALLAS, TEXAS 75202
214-742-3000 MAIN    214-760-8994 FAX

JAMES W. HOLBROOK, III
jholbrook@zelle.com
214-749-4248

February 26, 2016

**VIA PRODOCS E-FILING**
Ms. Kay McDaniel
**ROCKWALL COUNTY DISTRICT CLERK**
382nd Judicial District Court
1111 East Yellow Jacket Lane
Suite 200
Rockwall, TX 75087

RE:   Cause No. 1-16-0135; *Rockwall RMKP LB dba Hampton Inn Dallas v. The Travelers Lloyds Insurance Company and Lee Fenimore*; In the 382nd Judicial District Court, Rockwall County, Texas

Dear Ms. McDaniel:

I would like to request a file-marked copy of Plaintiff's Original Petition, which was filed February 11, 2016 in the above-referenced matter.

Please return a copy of Plaintiff's Original Petition to the undersigned at jholbrook@zelle.com.

Thank you for your assistance in this matter.

Sincerely,

*James W. Holbrook, III*

James W. Holbrook, III

BOSTON | DALLAS | MINNEAPOLIS | NEW YORK | PHILADELPHIA
SAN FRANCISCO | WASHINGTON DC | LONDON | BEIJING*
zelle.com                                          *In association with ZY & Partners

2177378v1

# EXHIBIT A-9

Filed: 3/11/2016 9:02:41 AM
Kay McDaniel
District Clerk
Rockwall County, Texas

Barbara Timberlake





QUILLING · SELANDER · LOWNDS · WINSLETT · MOSER

A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS

2001 BRYAN STREET, SUITE 1800
DALLAS, TEXAS 75201

ALISSA PUCKETT
apuckett@qslwm.com

TELEPHONE: (214) 880-1821
FACSIMILE: (214) 871-2111

March 11, 2016

*VIA E-FILE TEXAS*
Clerk of the Court
Rockwall County District Clerk
1111 E. Yellowjacket Lane, Ste. 200
Rockwall, TX 75087

      Re:    *Rockwall RMKP d/b/a Hampton Inn Dallas v. The Travelers Lloyds Insurance Company and Lee Fenimore*; Cause No. 1-16-0135; in the 382nd Judicial District Court, Rockwall County, Texas

Dear Sir or Madam:

      Our office respectfully requests one copy of your complete record in the above-referenced matter. Payment for the copy in the amount of $30.00 is being tendered with the electronic filing of this letter.

      Should you have any questions, please feel free to contact me. Thank you for your assistance in this matter.

                    Sincerely,

                    */s/ Elise Freeland*

                    Elise Freeland
                    Legal Assistant to Alissa Puckett

/ehf
Enclosure